IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT TRENT<br>2808 Dolby Dr.<br>Columbus, Ohio<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FABCON PRECAST, LLC<br>c/o CT Corporation System<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Herbert Trent, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Trent is a resident of the city of Columbus, county of Franklin, state of Ohio.

2. Fabcon Precast, LLC ("Fabcon") is a foreign limited liability company which operates a business located at 3400 Jackson Pike, Columbus, Ohio 43207.

## **JURISDICTION & VENUE**

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Trent is alleging a Federal Law Claim under the Age Discrimination in Employment Act ("ADEA").

4. All material events alleged in this Complaint occurred in county of Franklin.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. Within 300 days of the conduct alleged below, Trent filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-00292. ("Trent's EEOC Charge").

7. Trent filed Trent's EEOC Charge on or about October 28, 2020.

8. Trent has waited sixty days since filing Trent's EEOC Charge.

9. Trent has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

10. Trent is a former employee of Fabcon.

11. Trent is sixty years old.

12. Fabcon hired Trent in or about November 2016.

13. Fabcon employed Trent as a quality control technician.

14. Deb Hickman made the decision to hire Trent.

15. Trent had little to no meaningful history of discipline during his tenure with Fabcon.

16. In or around December 2018, Gabe Lee became Trent's supervisor.

17. Gabe did not make the decision to hire Trent.

18. Lee is thirty two years old.

19. Lee and another supervisor, Tyler Shaffer frequently made comments about Trent's age.

20. Shaffer is 29 years old.

21. Lee and Shaffer constantly made remarks about Trent's age.

22. Lee and Shaffer told Trent that Defendant "only kept [Trent] around for a tax deduction".

23. Lee and Shaffer told Trent that he was "old and slow".

24. Lee and Shaffer told Trent "it would take him [Trent] and hour to get up the stairs."

25. Trent was involved in a text message group chat with Lee and other co-workers. ("Group Chat")

26. In the Group Chat, Lee would make fun of Trent for his age.

27. On or about April 22, 2020, Lee terminated Trent without warning.

28. On or about April 22, 2020, Gabe made the decision to terminate Trent.

29. Defendant has a progressive disciplinary policy ("Discipline Policy").

30. A verbal warning is the lowest level of discipline in the Discipline Policy.

31. Trent did not receive a verbal warning before the Termination.

32. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

33. Trent did not receive a written warning before the Termination.

34. A termination is the highest level of discipline in the Discipline Policy.

35. Defendant knowingly skipped progressive disciplinary steps in terminating Trent .

36. Defendant knowingly terminated Trent 's employment.

37. Defendant knowingly took an adverse employment action against Trent .

38. Defendant knowingly took an adverse action against Trent .

39. Defendant intentionally skipped progressive disciplinary steps in terminating Trent.

40. Defendant intentionally terminated Trent's employment.

41. Defendant intentionally took an adverse employment action against Trent.

42. Defendant intentionally took an adverse action against Trent.

43. Defendant knew that skipping progressive disciplinary steps in terminating Trent would cause Trent  harm, including economic harm.

44. Defendant knew that terminating Trent would cause Trent  harm, including economic harm.

45. Defendant willfully skipped progressive disciplinary steps in terminating Trent .

46. Defendant willfully terminated Trent's employment.

47. Defendant willfully took an adverse employment action against Trent .

48. Defendant willfully took an adverse action against Trent.

49. Defendant terminated Trent's employment because of his disability.

50. Lee terminated Trent due to his age.

51. Trent was 59 years old at the at the date of his termination.

52. At the time of Trent's termination, there were no other individuals over the age of 40 performing the same job duties as Trent.

53. Trent is a member of a protected class as he is over the age of 40, pursuant to 29 U.S.C. § 621 *et seq*.

54. Trent was fully qualified for his position.

55. Upon information and belief, Defendant replaced Trent with individual(s) substantially younger than Trent.

## **COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 *et seq.***

56. Trent restates each and every prior paragraph of this complaint, as if it were fully restated herein.

57. Trent was 59 years old at the time of his termination.

58. At all times relevant, Trent was a member of a statutorily-protected class under 29 U.S.C. § 621 *et seq*.

59. Defendants treated Trent differently from other similarly situated employees based on his age.

60. Trent was fully qualified for his position and employment with the Defendants.

61. After terminating Trent, Defendant replaced Trent with an individual who was significantly younger and/or not belonging to the protected class under 29 U.S.C. § 621 *et seq*.

62. Defendant violated 29 U.S.C. § 621 *et seq*. by discriminating against Trent based on his age.

63. Trent suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 29 U.S.C. § 621 *et seq*.

64. As a direct and proximate result of the Defendant's conduct, Trent suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Trent demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Trent to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Trent for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Trent's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                                Respectfully submitted,

                                                */s/     Trisha M. Breedlove*
                                                Trisha M. Breedlove (0095852)
                                                **THE SPITZ LAW FIRM, LLC**
                                                1103 Schrock Road, Suite 307
                                                Columbus, Ohio 43229

Phone:  (216) 291-4744 x ext. 197
Fax:   (216) 291-5744
Email:  trisha.breedlove@spitzlawfirm.com

*Attorneys For Plaintiff Herbert Trent*

## JURY DEMAND

Plaintiff Herbert Trent demands a trial by jury by the maximum number of jurors permitted.

*/s/    Trisha M. Breedlove*
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**